# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20 CR 104 HEA/PLC (NAB) |
| | ) | |
| NICHOLAS MACKEY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER GRANTING BOND</u>

On February 2, 2021 this matter came before the undersigned for a hearing on the United States' motion for pretrial detention. (Doc. #4). Defendant is charged in a one count indictment. Carter is charged with being a felon in possession of a firearm by in violation of 18 U.S.C. § 922(g).

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of <u>18 U.S.C. § 3142</u>] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, <u>334 F.3d 734, 735</u> (8th Cir. 2003)(quoting *United States v. Orta*, <u>760</u> <u>F.2d 887, 891</u> & n. 20 (8th Cir. 1985) (en banc)).

In determining whether there are conditions that will reasonably assure a defendant's appearance or the safety of the community, the Bail Reform Act requires consideration of: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the

defendant; (3) the history and characteristics of the defendant, including defendant's past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the danger the defendant poses to any person or the community upon her release. 18 U.S.C. § 3142(g).

As the Eighth Circuit has explained, in passing the Bail Reform Act, Congress was "demonstrating its concern about 'a small but identifiable group of particularly dangerous defendants.'" *Orta*, 760 F.2d at 890 (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 6-7). "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. As the *Orta* Court explained: "[T]he legislative history stresses that the decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. ***It is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants***." *Id.* at 890 (citing S.Rep. No. 225, 98th Cong., 1st Sess. p. 12) (emphasis in original).

As the Supreme Court recognized in *United States v. Salerno*, 481 U.S. 739, 755 (1987), "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception" As such, "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

The evidence in this case consisted almost exclusively of the facts contained in the written Pretrial Services Report (Doc. #18), which were not disputed by the parties. Thus, the facts contained in the written pretrial services report, together with arguments and other information proffered at the detention hearing form the factual basis for this order.  As the report indicates Mackey who is 27 years old, has lived his entire life in the St. Louis area. He has strong family and community ties and proposed living with his girlfriend.  Mackey has worked previously with various temporary employment agencies and believes he can find

employment if he is released on bond.

The underlying conduct in this matter took place in October 2019 and the United States did not seek an indictment until February 2020.  Mackey is currently on bond in the City of St. Louis and St. Louis County.  Pretrial Services has recommended that he be released on a $10,000.00 unsecured bond with conditions.  I find that the United States has not met the burden of showing that Mackey is a flight risk or danger to the community.  After carefully considering the factors for detention under the Bail Reform Act, the arguments of counsel, the undisputed facts set out in the Pretrial Services report, and the record as a whole I find that the conditions set out in this order will reasonably assure the safety of the community and Mackey's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion for Pretrial Detention (Doc.#4) is **DENIED.**

**IT IS FURTHER ORDERED** that Nicholas Mackey shall be released from the custody of the United States Marshals Service on a $10,000.00 (ten-thousand dollar) unsecured bond with the following conditions:

1.  Defendant must:

    a.  Report to and be supervised by the Pretrial Services Office.

    b.  Remain within the Eastern District of Missouri unless written permission for travel outside the district is given by the U.S. Pretrial Services Office after consultation with the Court.

    c.  Not possess any firearms or destructive devices.

    d.  Clear all warrants and/or wanted within 30 days.

e.  Participate in the home detention component of the location monitoring program.

f.  Report as soon as possible to the supervising officer any contact with law enforcement personnel.

**IT IS FINALLY ORDERED** that there will be a bond hearing conducted by video conference on **Tuesday, February 16, 2021 at 12:00 PM**.  The hearing will take place by Zoom. Hearing participants will receive a separate email with a link to join the hearing by Zoom. Members of the general public who wish to listen in to the hearing are directed to call the following number to participate by phone: 1-669-254-5252, Meeting ID: 161 093 7910. Pursuant to Local Rule 13.02, all means of photographing, recording, broadcasting, and televising are prohibited in any courtroom, and in areas adjacent to any courtroom, except when authorized by the presiding judge. This includes proceedings ordered by the Court to be conducted by phone or video.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of February, 2021.